UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**ANTHONY MICHAEL MORALES**,

    Petitioner,

vs.

                              No. CIV 1:97-209 JC/LCS

**UNITED STATES OF AMERICA**,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**NOTICE**

Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections within the time period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be entertained.

**PROPOSED FINDINGS**

Petitioner Anthony Michael Morales ("Morales") filed this 2255 petition on February 19, 1997. In that petition, he asserted several grounds for relief from his convictions on two counts of being a felon in possession of a firearm. (*See United States v. Morales*, D.N.M., No. CR 93-46 JB). On July 30, 1997, the district court adopted the Magistrate Judge's Second Report and Recommendation, thereby dismissing the first six grounds raised in Morales' petition. This leaves only Ground VII for consideration, which raises several issues regarding ineffective assistance of

counsel. (Pet. at 23-30).

In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant "must show that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that the deficient performance prejudiced the defendant. *Id*. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In applying these precepts, a court must be mindful that a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance [that] 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A claim of ineffective assistance "must be reviewed from the perspective of counsel at the time," *Porter v. Singletary*, 14 F.3d 554, 558 (11th Cir.), *cert. denied*, 513 U.S. 1009 (1994), and thus may not be predicated on "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

Ground VII of the petition consists of the following allegations of ineffective assistance of counsel, all of which involve Morales' trial and appellate attorney, Alfonso Barrera:

1.      Barrera allegedly failed to interview Morales or discuss his defense until three days prior to trial. Additionally, that Barrera failed to conduct any discovery. (Pet. at 26). This claim goes to Morales' contention of lack of preparation for trial and the failure to investigate.

2.      Barrera allegedly failed and refused to investigate Morales' defense of self-protection and to locate witnesses after Morales requested that he do so. Further, that Barrera failed to call a critical witness, Armando Romero, who would have testified that one of the weapons in question belonged to Romero and that Morales had no knowledge of that weapon.

2

(Pet. at 27).

3.   Barrera allegedly failed to move to suppress evidence that was seized during the October 10, 1992 stop of Morales for operating a motorcycle without wearing protective eye gear. Morales also avers that Barrera failed to object to this evidence at trial. (Pet. at 28).

4.   Morales contends that Barrera failed to move to suppress inculpatory post-arrest statements made by Morales and that Barrera also failed to object to this evidence at trial. *Id.*

5.   Morales submits that Barrera failed to seek a continuance of the trial so that he could adequately investigate and prepare a defense. (Pet. at 29).

6.   Morales argues that Barrera failed to move to dismiss the jury panel after Morales made a statement before the petit jurors that he was guilty. *Id*.

7.   Morales asserts that Barrera failed to protest when the trial court read an *Allen* charge to the jury. *Id*. This argument was withdrawn by Morales' attorney at the evidentiary hearing held on February 18, 1998.

8.   Finally, Morales contends that he was deprived the effective assistance of appellate counsel when Barrera failed to pursue relevant issues on appeal. This included appellate counsel's failure to pursue the child abuse issue (which can warrant a downward departure at sentencing), to appeal the denial of the motion for a judgment of acquittal, and to order a sentencing hearing transcript. (Pet. at 30).

    **a.   Failure to Prepare for Trial and Failure to Investigate**

In this first argument, Morales contends that Barrera's performance was constitutionally defective because he allegedly failed to prepare for trial and to properly conduct pretrial investigation. (Pet. at 26-27). This assertion includes Barrera's alleged failure to adequately

3

interview Morales and the failure to conduct any discovery. *Id*.

During the evidentiary hearing, Barrera testified that he had been appointed to represent Morales about one month prior to trial. Barrera was Morales third or fourth attorney. As part of his pretrial preparation, Barrera testified that he spoke with Morales on several occasions by phone. His staff also had conversations with Morales. Barrera further testified that he spoke with several witnesses prior to trial, including Armando Romero, Phyllis Crist, Morales' former employer and Morales' mother. Barrera also stated that he did not subpoena any witnesses because all of the defense witnesses were anxious to testify on Morales' behalf.

According to Barrera, he discussed trial strategy and potential witnesses with Morales at least several weeks prior to trial. This trial strategy included assertion of a justification defense as to one count and attack on the "knowingly" element of the second count. Furthermore, it was Barrera's testimony that Morales understood and fully agreed to the proposed trial strategy. Finally, Barrera testified that he was ready to go to trial as scheduled on June 29, 1993.

Besides Barrera's testimony, there was documentary evidence admitted during the evidentiary hearing tending to show that there were pretrial communications between Barrera and Morales. About a month before his trial, Morales wrote to Barrera indicating that the two had recently met. (Gov't's Ex. 1). There is also evidence that Morales and Barrera spoke on another occasion about two weeks before the trial. (Gov't's Ex. 2). In this second letter from Barrera's legal assistant to Morales, the legal assistant sought to obtain a list of witness names that Morales had promised to furnish to Barrera. That letter states that the list was needed urgently, as Morales was "almost out of time." *Id*.

Morales testified to the following at the evidentiary hearing. First, that he met personally

with Barrera on three occasions and once by phone prior to trial.  Second, that during those meetings, Barrera never prepared Morales to testify at trial.  Finally, Morales stated that he informed Barrera during one meeting that Morales' family had retained the services of another defense attorney to conduct Morales' defense at trial.

After reviewing all of the aforementioned evidence adduced at the evidentiary hearing, and after sizing up the witnesses, it is my view that Morales has not demonstrated ineffective assistance of counsel on the alleged failure to prepare for trial and the failure to conduct adequate pretrial investigation.  This finding is underscored by the record of the trial itself, which shows that Barrera called several witnesses at trial who testified that Morales had reason to fear for his life, including Morales himself.  Thus, I find no failure to conduct reasonable pretrial investigation when the defense strategy primarily consisted of maintaining a justification defense.  Furthermore, the evidence indicates that Barrera and Morales communicated on at least four occasions prior to trial, which was not infrequent given that the trial was only a month away.  This is especially not unreasonable given that the case was a rather simple one involving few contested factual issues.

For all of these reasons, I find that Morales' assertion of failure to conduct proper pretrial preparation fails to meet the two-prong test set forth in *Strickland*.  First, Morales has failed to meet his burden of showing that Barrera's pretrial preparation focusing on a justification defense was not "sound trial strategy."  *See Strickland,* 466 U.S. at 689.  Second, Morales has not demonstrated how a contrary result would have been reached had Barrera undertaken more pretrial preparation, including meeting more often with Morales.  For these reasons, I recommend denial of this argument as a basis for habeas relief.

### b.     Failure to Investigate Self-Protection and to Locate Witnesses

In his second ineffective assistance argument, Morales avers that Barrera was ineffective for failure to investigate the self-protection defense and for his failure to locate certain defense witnesses. (Pet. at 27). This included Barrera's failure to find and call Armando Romero as a witness at trial. Morales submits that Romero would have testified that Morales had no knowledge regarding the gun at issue in one of the counts. *Id*.

The evidence in the record is directly contrary to these assertions. First, the record shows that Barrera's strategy as to one count was assertion of a justification defense. This defense relied on Morales being "under an unlawful and present imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury." (Trial Tr. at 172-- Jury Instruction on Justification Defense). There was testimony at trial from several witnesses, including Morales himself, that Morales was in fear for his life at the time of his first arrest for possessing a firearm. (Trial Tr. at 106-08, 113, 122, 126-30). Furthermore, Barrera argued this defense in closing argument and was successful in having a Fifth Circuit justification defense instruction submitted to the jury. (Trial Tr. at 172, 187-89). Based upon this evidence in the record, I find no merit to Morales' argument that his trial counsel failed to investigate a self-protection defense.

Similarly, I find no merit to Morales' contention that Barrera failed to locate certain defense witnesses. In his petition, Morales avers that Barrera was ineffective for failing to call Armando Romero as a defense witness. According to Morales, Romero would have testified that Morales did not have knowledge about the gun at issue in Count II. However, there was evidence adduced at the evidentiary hearing which calls this assertion into serious doubt.

6

Specifically, the Court admitted an affidavit executed by Romero in which he attests that "the gun belongs to [Morales]." (Gov't's Ex. 3). Based upon this evidence, Barrera was well-advised not to call Romero as a witness at trial. Therefore, Morales has failed to meet the two-prong test set forth in *Strickland* regarding this claim based on Romero as a defense witness.

Another potential defense witness identified by Morales during the evidentiary hearing was Rocky Emanuel. However, there was no evidence presented as to what the content of Emanuel's testimony would have been at trial. Hence, Morales failed to discharge his burden under *Strickland* as to this witness as well.

Based upon this reasoning, I find no merit to Morales' contention that Barrera was ineffective for failing to assert a self-protection defense and for failing to call certain defense witnesses. Accordingly, I recommend that this argument be denied as a basis for habeas relief.

   c.   **Failure to Move to Suppress Certain Evidence**

This contention is tied to Ground IV of the petition, which was dismissed by the district court on July 30, 1997. There, Morales alleged that the trial court erred by allowing the introduction of evidence following the stop of Morales by the police officer which Morales contends was a pretextual stop. Specifically, Morales asserted that he was in fact wearing eye protection when he was stopped. Adopting the Magistrate Judge's Second Report and Recommendation, the district court rejected this argument after noting that Morales testified at trial that he had removed his eye protection prior to the stop by the officer. (Trial Tr. at 133). The district court also found that because the stop was based on a valid traffic or equipment violation, it was irrelevant whether the officer had other subjective motives for stopping the vehicle. *See United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995), *cert. denied,*

116 S.Ct. 2529 (1996).

At the evidentiary hearing, Barrera testified that his trial strategy consisted of asserting a defense based upon "justification." This defense rested upon Morales' assertion that he was in reasonable fear for his life and safety at the time he was stopped by the police officer. (Trial Tr. at 172). Therefore, under this defense theory, it is immaterial whether the police officer's stop of Morales was constitutionally flawed. Based upon the Court's earlier finding of no merit to the pretextual stop contention, as well as the evidence presented at the evidentiary hearing, it is my view that Morales has failed to demonstrate that his attorney's performance was constitutionally ineffective for not seeking suppression of the evidence procured after the stop. In addition, he has not shown that he suffered any prejudice as a result of his attorney's failure to move to suppress the post-stop evidence. Therefore, I recommend denial of this argument as a basis for habeas relief.

    **d.**    **Failure to Move to Suppress Certain Statements**

This claim is also tied to Ground IV of the petition. There, Morales alleged that the trial court erred by allowing a certain statement into evidence. The statement at issue was made by Morales to a Drug Enforcement Agent (DEA) agent shortly after Morales' arrest at the home of an acquaintance. There, Morales stated that the officers " were lucky that [they] had used the Dona Ana County Sheriffs Department's Special Response Team to execute the warrant on the residence, because [Morales] had been up on the roof earlier in the evening, and that had that occurred and had [Morales] had time, some officers would have been injured executing the search warrant." (Trial Tr. at 150-51). After reviewing all the surrounding circumstances, the district court adopted the Magistrate Judge's Second Report and Recommendation and found that the

8

statement, which was made to the officer while the two were in the living room of the house after the search warrant had been executed, to be voluntary in nature.  (*See* Trial Tr. at 152).

Based upon this previous finding, as well as the evidence adduced at the evidentiary hearing, I find that Morales cannot meet the prejudice prong ("the result would have been different, but for counsel's errors") of the *Strickland* test on this claim.  In other words, even had Barrera objected to the introduction of this statement, it is unlikely that the objection would have been sustained.  Furthermore, Morales has failed to show how the outcome of his jury trial would have been altered if the statement had been suppressed.  For these reasons, I recommend denial of this argument as a basis for habeas relief.

        **e.**        **Failure to Seek Continuance of the Trial**

This claim is tied to Ground I of the petition.  There, Morales alleged that the trial court erred by refusing to grant Morales' personal motion for a continuance.  The district court, in adopting my Second Report and Recommendation, found that this claim was without merit.

Here, Morales takes issue with his trial counsel's alleged failure to seek a continuance.  However, the record indicates that Barrera filed a motion for a continuance of the trial several days prior to the trial setting.  That motion was denied by the district court on June 21, 1993.  Furthermore, the record shows that the trial had been continued on at least two occasions at Morales' request.  (Trial Tr. at 5).

After reviewing this evidence in the record, I find that Morales' claim is meritless.  In order to be valid, an ineffective assistance claim must have some factual basis.  However, this claim fails to rise to that minimum level because (a) Barrera actually did move for a continuance and (b) the trial had been continued on at least two prior occasions at Morales' request.  Finally,

9

even assuming that Barrera failed to move for a continuance, Morales cannot demonstrate how that omission affected the outcome of his trial. Consequently, I recommend denial of this argument as a basis for habeas relief.

    **f.**    **Failure to Move to Dismiss the Jury Panel**

This claim parallels Ground III of the petition, in which Morales contended that the trial court erred by not holding a hearing or dismissing the jury *sua sponte* after Morales made an alleged inculpatory statement to the jury just prior to voir dire. This statement at issue was Morales' stating, "As far as I'm concerned, they [the jury] already found me guilty." (Trial Tr. at 4). After reviewing the record, and in adopting my Second Report and Recommendation, the district court found no merit to this claim, especially given the fact that the jury came to a verdict of guilty on both counts only after several hours of deliberation and only after being given an *Allen* charge by the trial court.

Similarly, I find no merit to this claim. Even assuming that Barrera's failure to move for dismissal of the jury panel was unreasonable, Morales has failed to demonstrate how that omission affected the outcome of his trial. This is all the more dubious considering that the jury deliberated for some time and that a verdict was reached only after the trial court provided an *Allen* charge. (*See* Trial Tr. at 210-13). Hence, I recommend denial of this assertion as a basis for habeas relief.

    **g.**    **Failure to Object to the Trial Court's *Allen* Charge**

At the evidentiary hearing, Morales informed the Court that this part of his ineffective assistance claim was withdrawn. Furthermore, the record demonstrates that Barrera objected to the trial court's *Allen* charge. Thus, even if it had been entertained on its merits, this claim has no factual basis. Therefore, it is recommended that this claim not serve as a basis for habeas relief.

### h.      Failure to Raise Other Issues on Appeal

Here, Morales contends that he received ineffective assistance of appellate counsel. (Pet. at 30). Specifically, Morales contends that Barrera's performance on appeal was constitutionally defective because Barrera (1) failed to raise the issue of Morales being abused as a child, which could have warranted a downward departure in sentencing; (2) failed to appeal the denial of defense's motion for a judgment of acquittal; and (3) failed to order a transcript of the sentencing hearing. *Id*.

The record indicates that the only issue raised on direct appeal was a challenge to the trial court's giving of an *Allen* charge to the jury. After finding that the trial court's *Allen* charge was neutral in content, the Tenth Circuit found no merit to the appeal and dismissed it on December 27, 1994.

In my view, none of Morales' assertions have merit. I make this finding primarily because Morales has not shown how the result on appeal would have differed had Barrera raised on appeal the issues of a downward departure on the child abuse issue and the denial of Morales' motion for a judgment of acquittal. Regarding the issue of seeking a downward departure on the basis of child abuse, the record indicates that Barrera raised that issue in his sentencing brief before the district court. (Def.'s Sentencing Mem., filed Sept. 24, 1993, at 6-10). Although not raised on appeal, this issue would likely have gone nowhere before the appellate court. *See, e.g., Koon v. United* States, 116 S.Ct. 2035, 2045 (1996) (a "discouraged factor" should be used as a departure only in exceptional circumstances); *United States v. Pullen*, 89 F.3d 368, 372 (7th Cir. 1996), *cert. denied*, 117 S.Ct. 706 (1997) (history of abuse as a child may be used as a departure only in extraordinary cases and the district court's decision on this issue is subject to an abuse of

discretion standard). This goes to Morales' failure to demonstrate any prejudice resulting from Barrera's omission of the child abuse issue on appeal.

During the evidentiary hearing, there was evidence adduced that indicated Barrera had indeed obtained a transcript of the sentencing hearing. Finally, it should be noted that during the evidentiary hearing, Morales did not set forth any other possible issues that should have been raised on appeal. For these reason, I find that Morales' attack on Barrera's performance as his appellate attorney is without merit and recommend rejection of the same.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For all of the reasons provided herein, I find that there is no merit to any of the contentions raised in the remaining claim in this cause (ineffective assistance of counsel). Accordingly, I recommend denial of the remaining ground as a basis for habeas relief. I further recommend that this cause be dismissed on the merits with prejudice.

Leslie C. Smith
United States Magistrate Judge